```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA   95404
Telephone: (707) 528-4331

Attorneys for Debtor
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. 08-12710 |
| TRUE SPIRITS, LLC, | CHAPTER 11 |
|    DEBTOR._____/ | DEBTOR'S CHAPTER 11 <u>PLAN OF REORGANIZATION</u> |

    TRUE SPIRITS, LLC, Debtor herein, proposes the following Plan pursuant to Chapter 11 of the Bankruptcy Code:

ARTICLE I

DEFINITIONS

    For purposes of the Plan, the following terms shall have the meanings hereinafter set forth:

    1.01.    <u>Allowed claim</u> shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Rule 3001, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to allowance thereof has been interposed with any applicable period of limitation fixed by Rule 3001, or by Order of the Court, or as to which any such objection has been determined which is no longer subject to appeal or certiorari and as to which no appeal or certiorari proceeding is pending.

1.02. <u>Allowed Secured Claim</u> shall mean the Allowed Claim secured by a lien, security interest or other charge against the property in which Debtor has an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.03. <u>Claim</u> shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.04. <u>Class</u> shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.05. <u>Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims, Class 10 Claims and Class 11 Interests</u> shall mean Allowed Claims and Interests so classified in Sections 3.01 through 3.11 respectively.

1.06. <u>Bankruptcy Code</u> shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.07. <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Northern District Of California in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

2
Case: 08-12710   Doc# 78   Filed: 02/19/10   Entered: 02/19/10 17:54:46   Page 2 of 15

1.08.   <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

1.09.   <u>Debtor</u> means the Debtor in this Chapter 11 case.

1.10.   <u>Market rate of Interest</u> means the Federal Judgment Rate in effect on the Confirmation Date or such other rate of interest as the Court determines at the time of confirmation.

1.11.   <u>Order of Confirmation</u> means the Order entered by the Bankruptcy Court confirming the "Plan" in accordance with provisions of Chapter 11 of the Bankruptcy Code.

1.12.   <u>Petition Date</u> means December 17, 2008, the date of the filing of the voluntary petition.

1.13.   <u>Plan</u> means this Chapter 11 Plan, as may be amended or modified in accordance with the Code.

1.14.   <u>Rules</u> means Bankruptcy Rules, as amended and supplemented by the Suggested Interim Bankruptcy Rules, as adopted by the Court.

## ARTICLE II

### EXPENSES OF ADMINISTRATION

2.01.   Administrative expenses of Debtor's Chapter 11 case allowed pursuant to Section 503(b) of the Code shall be paid in full at the Confirmation Date unless otherwise Ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such claims and Debtor.  Any fees due the U.S. Trustee and unpaid on the Confirmation Date shall be paid in full on or before the Confirmation Date.

## ARTICLE III

### CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

1    3.01.   <u>Class 1 Claims.</u>  Allowed claims entitled to priority pursuant to Section 507 of the Code.

2    3.02.   <u>Class 2 Claims.</u>  Allowed secured claims of the County of Sonoma based upon the secured tax roll

3    3.03.   <u>Class 3 Claims.</u>  Allowed secured claim of First Community Bank secured by real property located at 4950 Ross Rd., Sebastopol, California.

4    3.04.   <u>Class 4 Claims.</u>  Allowed secured claim (2nd) of Bay Area Development secured by real property located at 4950 Ross Rd., Sebastopol, California.

5    3.05.   <u>Class 5 Claims.</u>  Allowed secured claim (3rd) of Roger Gadow secured by real property located at 4950 Ross Rd., Sebastopol, California..

6    3.06.   <u>Class 6 Claims.</u>  Allowed secured claim (4th) of Mark Ciddo secured by real property located at 4950 Ross Rd., Sebastopol, California.

7    3.07.   <u>Class 7 Claims.</u>  Allowed secured claim of Pinnacle Leasing secured by equipment, tractor, press, ozone machine, labeling machine.

8    3.08.   <u>Class 8 Claims.</u>  Allowed secured claim of Mark Ciddo secured by equipment.

9    3.09.   <u>Class 9 Claims.</u>  Allowed claims of creditors other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 10 Claims and Class 11 Interests, including, but not limited to, whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part.

3.10. <u>Class 10 Claims.</u> Allowed claims of creditors other than those holding allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 9 Claims and Class 11 Interests, whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part and which creditors are insiders of the Debtor herein.

3.11. <u>Class 11 Interests.</u> Allowed interests of shareholders of Debtor herein.

ARTICLE IV

CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01. <u>Allowed expenses of administration are not impaired.</u> Allowed expenses of administration shall be paid in cash and in full upon the effective date of the Plan.

ARTICLE V

TREATMENT OF IMPAIRED CLASSES OF CLAIMS

5.01. <u>Class 1 Claims are impaired.</u> Holders of allowed Class 1 Claims shall be paid in twenty four equal monthly installments of principle and interest at the statutory rate following the effective date of the Plan.

5.02. <u>Class 2 Claims are impaired.</u> Holders of allowed Class 2 Claims shall be placed on a five year plan as provided under California law. Such holders shall retain its lien on the collateral.

5.03. <u>Class 3 Claims are impaired.</u> Holders of allowed Class 3 Claims shall be paid the amount of its secured claim in full

in equal monthly installments of principle and interest at the market rate based upon a 30 year full amortization commencing on the first day of the month following the effective date of the Plan. Such holder shall retain its lien on the collateral.

    5.04. <u>Class 4 Claims are impaired.</u> Holders of allowed Class 4 Claims shall be paid the amount of its secured claim in full in equal monthly installments of principle and interest at the market rate based upon a 30 year full amortization commencing on the first day of the month following the effective date of the Plan. Such holder shall retain its lien on the collateral.

    5.05. <u>Class 5 Claims are impaired.</u> Holders of allowed Class 5 Claims shall be paid an amount equal to such holder's interest in the Debtor's interest in the collateral in equal monthly installments of principle and interest at the market rate based upon a 25 year amortization commencing on the first day of the month following the effective date of the Plan. Such holder shall retain its lien on the collateral for the secured portion of its allowed claim.

    5.06. <u>Class 6 Claims are impaired.</u> The secured claim of holders of allowed Class 6 Claims shall be determined pursuant to 11 U.S.C. Section 506. To the extent such holder has a secured claim, such holder shall be paid an amount equal to such holder's interest in the Debtor's interest in the collateral at the market rate of interest in monthly installments of principle and interest based upon 30 year amortization. The right of Debtor or any other party interest to obtain a determination of subordination pursuant to 11 U.S.C. Section 510(b) is specifically reserved. To the extent such holder's interest in the collateral is not subordinated, such holder

shall retain its security interest in the collateral.

5.07. <u>Class 7 Claims are impaired.</u> Holders of allowed Class 7 Claims shall be paid an amount equal to such holder's interest in the Debtor's interest in the collateral in monthly installments of principle and interest at a market rate based upon a 5 year full amortization. Said payments shall commence on the first day of the month following the effective date of the Plan. Such holder shall retain its security interest in the collateral

5.08. <u>Class 8 Claims are impaired.</u> Holders of allowed Class 8 Claims shall be paid an amount equal to such holder's interest in the Debtor's interest in the collateral in monthly installments of principle and interest at a market rate based upon a 30 year amortization. Debtor and any other party in interest shall retain rights to request subordination of such claim pursuant to 11 U.S.C. Section 510(b). Such holder shall retain its security interest in the collateral to the extent of the secured portion of such claim and subject to the rights of parties in interest, including Debtor, to request subordination.

5.09. <u>Class 9 Claims are impaired.</u> Holders of allowed Class 9 Claims shall be paid the aggregate sum of $248,000 in 84 equal monthly installments without interest. Such payments shall be disbursed on a prorata basis to such holders on a quarterly basis or more frequently.

5.10. <u>Class 10 Claims are impaired.</u> Holders of allowed Class 10 Claims shall be paid the aggregate sum of $100,000 in 90 monthly installments commencing on the 85th month following the effective date of the Plan. The claims of such holders shall be subordinated to all other allowed claims in the case and shall not

be paid any distribution until Class 9 Claims are paid in full as herein above provided. Such holders shall have an option on the 1st anniversary of the Effective Date of converting such subordinated claim to equity.

5.11. <u>Class 11 Interests are impaired.</u> Holders of allowed Class 11 Interests shall retain such interests subject to the terms of the Plan provided that additional operating capital is contributed by such holders in the aggregate amount of $125,000 prior to the 1st anniversary of the Effective Date of the Plan. The property of the estate shall revest in the Debtor on the effective date of the Plan subject to the terms of the Plan.

## ARTICLE VI

### TREATMENT OF EXECUTORY CONTRACTS

6.01. <u>Executory Contracts Assumed.</u> Debtor assumes the services and storage contracts with customers.

6.02. <u>Equipment Lease.</u> Debtor contends that the equipment Lease with Pinnicle Leasing is not a true lease, but a financing agreement, but to the extent that the negotiated terms are a true lease, Debtor assumes same.

6.03. <u>Executory Contracts Rejected.</u> Debtor rejects all other executory contracts.

## ARTICLE VII

### MEANS FOR THE PLAN'S EXECUTION

7.01. Debtor shall continue to operate its custom wine making, storage and distribution business at its present location with its current employees.

7.02. Debtor shall continue to market its new product through standard alcoholic beverage distribution means.

7.03. From the proceeds of sale of the products and services, Debtor will pay in monthly installments claims commencing on the first day of the month after the effective date of the Plan and as provided herein as follows:

    a. A five year tax Plan with the County of Sonoma to retire the balance due on the secured tax roll;

    b. The amount due, if any, on taxes which are entitled to a Section 507 priority;

    c. A payment to the holder of the allowed Class 3, 4, and 7 Claims as herein provided.

7.04. Debtor shall deposit a sum equal to 1/84th of the aggregate sum of $248,000 into a disbursing account each month commencing on the Effective Date of the Plan. Disbursements shall be made from such account to holders of allowed Class 9 Claims on a prorata basis on a quarterly or more frequent basis.

7.05. Debtor shall solicit equity investment in the entity and may dilute the present equity by as much as 80% to obtain additional capital. Said additional capital shall be invested on account of Class 10 Interests in a sum no less than $125,000.

7.06. Debtor shall request a determination of the value of the collateral of Class 3, Class 4, Class 5, Class 6 and Class 8 Claims pursuant to Section 506 of the Code. The Motion shall be filed on or before thirty (30) days following the Effective Date.

7.07. No party shall take any action against the Debtor, his assets, or assets of the estate inconsistent with the terms of the within Plan.

7.08. Debtor shall continue to operate its business of custom wine making and wine making of grapes purchased. Debtor

shall continue to sell such product on the bulk market, through brokers and distributors and direct sales. Debtor shall continue to market its product produced from grape as a substitute for distilled alcohol through distributors.

7.09. The Debtor shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law. Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall revest in the Chapter 7 estate. Debtor shall be the disbursing agent absent appointment of another person or entity by the Court at the time of confirmation.

7.10. Debtor may object to claims as appropriate and all rights of counterclaim and setoff as to any party filing a claim against the estate are specifically reserved.

## ARTICLE VIII

### RETENTION OF JURISDICTION

8.01. Notwithstanding Confirmation of the Plan, the Court shall retain jurisdiction for, inter alia, the following purposes:

1. Determination of the allowability of claims, or interests, upon objection to such claims by the Debtor based upon any provision of law, including, but not limited to any right of set off, counterclaims, statute of limitations, and any and all defenses thereto;

2. Determination of the validity, priority and extent of liens under any applicable provision of law, including, but not

limited to Rules of Professional Conduct and determination of value of collateral under Section 506 of the Code;

    3. Determination of requests for payment of claims entitled to priority under Bankruptcy Code Section 507(a)(1), including compensation of parties entitled thereto;

    4. Resolution of any disputes regarding the interpretation of the Plan;

    5. Implementation of the provisions of the Plan and entry of Orders in aid of confirmation of the Plan, including without limitation, appropriate orders to protect the Debtors from creditor actions, approval of sale of property, orders for sale free and clear of liens and interests;

    6. Modification of the Plan pursuant to Section 1127 of Title 11;

    7. Determination of reasonableness of any attorneys fees and charges claimed by any creditor;

    8. Avoidances of avoidable transfers pursuant to the Bankruptcy Code and recovery of improper post petition transfers, and any reserved cause of action;

    9. Determination of secured status, extent of secured status, and Debtor's right to recover expenses from property securing claim pursuant to Bankruptcy Code Section 506;

    10. Enforcement of all stipulations entered into by the Debtor in possession and Orders and Judgments made by the Court;

    11. Collection of any sums due the Debtor from other parties or from any other source;

    12. Determination of value of collateral pursuant to Section 506 as herein provided.

13. Subordination of claims under Section 510 of the Code, including, but not limited to Class 6 and Class 8 Claims.

 14. Determination of rights and causes of action reserved to the Debtor as provided herein; and

 15. Entry of final decree.

## ARTICLE IX

### EFFECT OF CONFIRMATION

 9.01. Confirmation of the Plan shall have the effect set forth in Bankruptcy Code Section 1141. The rights afforded herein, and the treatment of all claims and interests as set forth herein, shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims and interests of any kind or nature whatsoever, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due, prior to the Effective Date, including without limitation any claims or interest on claims, accruing on or after the commencement of the case against the Debtor, the estate, or assets or property thereof. Except as, and to the extent, expressly provided in the Plan or the Confirmation Order, at all times on and after the Effective Date, (a) all such claims against, and interests in, the Debtor or the estate shall be deemed fully and finally satisfied, discharged and released; (b) all persons shall be fully and finally barred, enjoined and precluded from asserting against the reorganized Debtor or its assets, any claims or interests based upon act or omission, transaction, agreement, right, privilege, duty, entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date; and (c) all claims and interests shall be fully and finally discharged

as provided in said Section 1141 of the Bankruptcy Code.

## ARTICLE X

### ALTERATION OF RIGHTS OF THIRD PARTIES

10.01.  Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Bankruptcy Code Sections 510(a) or 524(a).  Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtor's assets to the extent of the allowed amount of such claim.

## ARTICLE XI

### MISCELLANEOUS

11.01.   <u>Notice.</u> All notices required or permitted to be made in accordance with the Plan or by the Code shall be in writing and shall be delivered personally, or by First Class mail:

    a.   To Debtor:
        David N. Chandler
        David N. Chandler, p.c.
        1747 Fourth Street
        Santa Rosa, CA 95404

    b.   To the Holder of an Allowed Claim, at the address set forth in the Allowed Proof of Claim, or if none, at the address set forth in the Schedules prepared and filed with the Court pursuant to Section 1007(b).

11.02.   <u>Effective Date.</u> For purposes of all determinations to be made pursuant to the Bankruptcy Code in respect to the Plan or any Claim or Interest, the "effective date" of the Plan shall be sixty (60) days following  the date the Order of Confirmation becomes final.

11.03.   <u>Reservation of Rights.</u> Neither the filing of this Plan nor any statement or provision contained herein, shall be or be

Case: 08-12710   Doc# 78   Filed: 02/19/10   Entered: 02/19/10 17:54:46   Page 13 of 15

13

1  deemed to be an admission against interest.

ARTICLE XII

CONFIRMATION REQUEST

12.01. TRUE SPIRITS, LLC, Debtor herein, requests Confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code.

Dated: 2/19/10                    DAVID N. CHANDLER, p.c.

                                  By: /s/David N. Chandler
                                  DAVID N. CHANDLER,
                                  Attorney for Debtor

LIQUIDATION ANALYSIS

| Asset | Value | Encumbrance | Net |
|---|---|---|---|
| 4950 Ross Rd. Sebastopol, CA | $2,980,000 | $3,435,000 | -0- |
| Account Receivable | 110,000 | -0- | 110,000 |
| Trailer | 1,000 | -0- | -0- |
| Office equip. | 1,000 | -0- | 1,000 |
| Audio System | 500 | -0- | 500 |
| Tractor/attachments | 18,000 | 18,000 | -0- |
| Winery Equipment | 150,000 | -0- | 150,000 |
| Bulk wine | 165,000 | -0- | 165,000 |
| Lab Equip. | 500 | -0- | 500 |
| | | | $427,000 |

```
Net Liquidation Value              427,000

   Expenses of Adm. (Est.)
     Attorney fees  $53,000
     Accounting      16,000
     Trustee         24,500
   Brokerage
     Inventory       16,500
   Tax on Sale        4,300
   Priority          23,000      (137,300)
                                 $292,700
```

Case: 08-12710   Doc# 78   Filed: 02/19/10   Entered: 02/19/10 17:54:46   Page 15 of 15